Brian M. Rothschild (15316)
John L. Cooper (16025)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT  84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
brothschild@parsonsbehle.com
jcooper@parsonsbehle.com

*Attorneys for the Plaintiff Michael W. Conboy*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL W. CONBOY,<br><br>    Plaintiff,<br><br>vs.<br><br>GILBERT DEVELOPMENT CORPORATION, d/b/a GILBERT DEVELOPMENT COMPANY, a Nevada corporation,<br><br>    Defendant. | **COMPLAINT**<br><br>Civil No. 4:18-cv-00090-DN<br><br>Judge David Nuffer |

Plaintiff Michael W. Conboy, by and through undersigned counsel, complains against Defendant Gilbert Development Corporation as follows:

### PARTIES

1.     Plaintiff Michael Conboy is an individual residing in the State of New York.

2.     Defendant Gilbert Development Corporation ("**Defendant**" or "**GDC**") may also have held itself out at certain times to be a Utah corporation, but, based on the information

4847-4355-9553v1

maintained by the Utah Division of Corporations and Commercial Code, GDC is a Nevada corporation, registered to do business in Utah, with its principal place of business at 6249 W. Gilbert Industrial Court, Hurricane, Utah 84737.

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and Plaintiff claims damages in excess of $75,000, exclusive of interests and costs.

4.     This Court has personal jurisdiction over Defendant pursuant to Utah Code Ann. § 78B-3-205 because, at all relevant times, Defendant transacted business in the State of Utah; contracted with Plaintiff in the State of Utah, to supply services or goods in the State of Utah and caused injury to Plaintiff in the State of Utah.  Defendant has minimum contacts with the State of Utah.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b), because the Promissory Note that this the subject of this Complaint was entered into in the State of Utah and the Court has personal jurisdiction over the Defendant, whose principal place of business is in this District.

## GENERAL ALLEGATIONS

6.     On or about April 2, 2015, Defendant GDC entered into a Promissory Note with Plaintiff Conboy (the "**Note**").  A true and correct copy of the Note is attached hereto as **Exhibit A**.

7.     Steven L. Gilbert, the President of GDC, signed the Note on behalf of GDC.

8.     Pursuant to the terms of the Note, the Execution Date was April 2, 2015.

9.     Pursuant to the Note, GDC promised to pay Conboy $2,902,900.06 on or before April 2, 2018—the Note's Maturity Date.

4847-4355-9553v1

10.    GDC made no payments on the Note before the Maturity Date.

11.    GDC has made no payments on the Note since the Maturity Date.

12.    The Note provides that if the Note was paid in full by the Maturity Date, no interest was due on the Note for the period from the commencement of the Note to the Maturity Date.

13.    However, the Note provides that if it was "not paid in full on the Maturity Date, interest (including interest on interest and interest after the filing of a bankruptcy or other similar proceeding) shall accrue and be calculated for actual days elapsed from the Execution Date through the date of payment at 18 percent per annum, compounded continuously, on the basis of a 360-day year."

14.    In the event of GDC's failure to pay the full amount of the Note by the Maturity Date, GDC agreed to pay all costs of collection, including attorneys' fees, incurred by Conboy to collect on the Note.

15.    The Note provides that "[n]o course of dealing and no delay on the part of [Conboy] in exercising any right shall operate as a waiver thereof or otherwise prejudice [Conboy's] rights."

16.    Because the Note matured on April 2, 2018 and GDC has made no payments toward the amount it owes to Conboy under the Note, GDC has breached the terms of the Note and the Note is in default.

17.    GDC owes Conboy the full amount of the principal sum of the Note, $2,902,900.06, plus interest accruing at a rate of 18% per annum, accruing continuously, starting from the Execution Date, on the basis of a 360 day year.

3

18.     The amount of interest calculated as of the end of the third year following the execution date, which was just prior to the filing date hereof, is $1,866,657.63, and a total amount due of $4,769,557.69.  Interest will continue to accrue every day until paid.

### FIRST CAUSE OF ACTION

### (Breach of Contract – Promissory Note)

19.     Conboy realleges and incorporates the preceding paragraphs by reference as though fully set forth herein.

20.     The Note is a contract between Conboy and GDC.

21.     Conboy has complied with his obligations under the Note and all the terms of the Note.

22.     GDC breached the Note by failing to make any payment on the Note by April 2, 2018, as required under the terms of the Note.

23.     GDC's failure to pay is the proximate cause of damages suffered by Conboy.

24.     Conboy was damaged by GDC's breach because he has lost the principal sum owed under the Note and interest that GDC agree to pay if GDC did not pay the full amount of the Note by April 2, 2018.

25.     Conboy's damages include the amount of the principal sum of $2,902,900.06 owed to Conboy under the Note, plus interest accruing at the rate of 18% per annum, compounded continuously, on the basis of a 360 day year, starting from the Execution Date.

26.     In addition, per the terms of the Note, GDC is obligated to pay Conboy all costs and attorneys' fees incurred by Conboy to collect on the Note, which amount shall be established prior to entry of the final judgment.

4

4847-4355-9553v1

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor as follows:

i.      For a Judgment against Defendant in the amount of $2,902,900.06, plus interest accruing at the rate of 18% per annum, compounded continuously, on the basis of a 360 day year, starting from the Execution Date, and continuing until paid in full, which amount is currently no less than $4,769,557.69;

ii.     For Plaintiff's attorneys' fees and costs incurred in pursuit of this action; and

iii.    For such other and further relief as this Court may deem proper.

DATED November 30, 2018.

PARSONS BEHLE & LATIMER

/s/ Brian M. Rothschild
Brian M. Rothschild
John L. Cooper
*Attorneys for Plaintiff Michael W. Conboy*

5

# EXHIBIT A

## PROMISSORY NOTE

4847-4355-9553v1

## PROMISSORY NOTE

$2,902,900.06

Execution Date: April 2, 2015

Maturity Date: April 2, 2018

For value received, Gilbert Development Corporation, a Utah corporation ("*Maker*"), hereby promises to pay to the order of Michael Conboy, a natural person ("*Holder*"), the principal sum of two million, nine hundred two thousand, nine hundred dollars and 06/100 Dollars ($2,902,900.06).

No interest is due or shall accrue balance of this Note for the period commencing on the date hereof if this Note is paid in full on the Maturity Date.  If this Note is not paid in full on the Maturity Date, interest (including interest on interest and interest after the filing of a bankruptcy or other similar proceeding) shall accrue and be calculated for actual days elapsed from the Execution Date through the date of payment at 18 percent per annum, compounded continuously, on the basis of a 360-day year.

This Note shall be payable upon the Maturity Date, or at any time prior to the Maturity Date with no penalty for prepayment.  All payments shall be applied first to accrued interest (if any) and then to outstanding principal.

This Note shall be payable at the following address or such other place as Holder may from time to time designate in writing:

> Michael Conboy
> c/o Luxor Capital Group, LP
> 1114 Avenue of the Americas, Twenty-Ninth Floor
> New York, NY  10036

In the event of Maker's failure to pay in full on the Maturity Date, Maker will pay Holder all amounts, including attorneys' fees, incurred by Holder to collect on the Note.

No course of dealing and no delay on the part of Holder in exercising any right shall operate as a waiver thereof or otherwise prejudice Holder's rights.  The rights and remedies of Holder are cumulative and not exclusive of any rights or remedies it would otherwise have.  Maker hereby waives presentment for payment, notice of dishonor, protest and notice of protest.

This Note shall be governed by the laws of the State of Utah.

Gilbert Development Corporation (Maker)

By: _____   April-2- 2015
Steve L. Gilbert, President

4833-5112-4258.1